IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MR. MICHAEL DARNELL OLIVER, #207 467, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-920-WKW ) [WO] |
| CERT TEAM MEMBER – CORRECTIONAL OFFICER T. JONES, *et al*., | ) ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an indigent state inmate incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. Under 28 U.S.C. § 1915, a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g).

**I. DISCUSSION**

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to

---
[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

state a claim and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915. The cases on which this court relies in finding a § 1915(g) violation are : (1) *Oliver v. Morgan*, Civil Action No. 4:03-CV-01355-RBP (N.D. Ala. July 25, 2003) (frivolous); (2) *Oliver v. ADOC*, Civil Action No. 2:02-cv-01179-MHT-SRW (M.D. Ala. Nov. 25, 2002) (frivolous); and (3) *Oliver v. Patterson*, Civil Action No. 1:11-cv-00509-WS-M (S.D. Ala. Mar. 21, 2012) (failure to state a claim), appeal dismissed (11th Cir. Oct. 16, 2012) (frivolous). This court, therefore, concludes that these summary dismissals place Plaintiff in violation of 28 U.S.C. § 1915(g).

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (*citing Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (*citing Martin, supra*, and *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted). The "imminent danger" exception is available "for genuine emergencies," "where time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)

The court has carefully reviewed the claims in the instant action. Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege nor indicate that he was "under imminent danger of serious physical injury" when he filed this cause of action as required to meet the imminent danger exception to

2

the application of 28 U.S.C. § 1915(g).[2] *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes this case is due to be summarily dismissed without prejudice as Plaintiff failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's motion for leave to proceed *in forma pauperis* (*Doc. No. 2*) be DENIED; and

2.  This case be DISMISSED without prejudice for Plaintiff's failure to pay the filing and administrative fees upon his initiation of this case.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on Plaintiff. Plaintiff may file any objection to this Recommendation

---

[2] Upon review, the court finds Plaintiff was not in imminent danger when he initiated this action. Plaintiff's complaint is a somewhat rambling narrative of unrelated claims. He asserts that while at the Bullock Correctional Facility his access to the courts was infringed, he was the subject of assaults, he was denied proper medical care, and he was force-medicated. Plaintiff's allegations, however, are insufficient to warrant the imminent danger exception to dismissal. At the time he filed this action, Plaintiff had been transferred from the Bullock Correctional where he was housed from August 14, 2015, to November 12, 2015, back to the Donaldson Correctional Facility. *Doc. No. 1* at 2. Thus, the allegations in his complaint dated November 30, 2015, cannot establish that he was in imminent danger at that time because he was no longer at the Bullock Correctional Facility.

on or before **February 12, 2016**. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

      Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

      Done, this 29th day of January, 2016.

                              /s/ Susan Russ Walker
                              SUSAN RUSS WALKER
                              CHIEF UNITED STATES MAGISTRATE JUDGE